**E-FILED**
Monday, 01 November, 2010 02:45:12 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GEORGE BANKS,
Plaintiff,

vs. 10-1178

RICARDO RIOS, et al.
Defendants.

MERIT REVIEW ORDER AND CASE MANAGEMENT ORDER

This cause is before the court for case management and consideration of various documents and motions filed by the Plaintiff. [d/e 5, 6, 7, 8]

I. MERIT REVIEW

The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The pro se Plaintiff, George Banks, has filed his complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Although its not entirely clear from the Plaintiff's complaint, it appears he is alleging that his constitutional rights were violated at the Federal Correctional Institution in Pekin, Illinois (herein FCI Pekin). The Plaintiff has named eight defendants including Warden Ricardo Rios, Assistant Warden Ms. Jones, Medical Administrator Ms. Gregory, Dr. Moats, Nurse Tim, Unit Manager Mrs. Jones, Counselor Ms. Hayman and "Unit Team Staff of Missouri II." (Comp., p 1).

The Plaintiff has identified the allegations in his complaint by listing each defendant, and then stating the allegations against that individual:

1) DEFENDANT WARDEN RICHARDO RIOS.

The Plaintiff says Warden Rios was also the warden at the Federal Correctional Institution in Waseca, Minnesota when the Plaintiff was incarcerated at that facility. Therefore, the Plaintiff says the Warden is familiar with his serious medical needs. Nonetheless, the Plaintiff says Warden Rios has informed the staff at the Illinois facility that the Plaintiff does not have any serious medical condition.

The Plaintiff has failed to state a claim upon which relief can be granted. First, the Plaintiff has not clearly stated his claim against the Warden. Rule 8 of the Federal Rules of Civil Procedure requires that the Plaintiff submit "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that "the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc*. 2002 WL 413172 at 4 (7th Cir. 2002) quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001). The Defendant can not file a response when the Plaintiff has not provided a general time frame, has not articulated any specific medical conditions he suffers from and has not stated how the Defendant prevented him from obtaining medical care.

Second, to establish a violation of the Eighth Amendment based on medical care, the Plaintiff must pass a two prong test. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). The first prong of the test requires the Plaintiff to demonstrate that the alleged deprivation was sufficiently serious. *Farmer v Brennan,* 511 U.S. 825, 834 (1994). The second prong of the test requires the Plaintiff to show that the defendants acted with deliberate indifference. *Farmer,* 511 U.S. at 828. "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman,* 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at 840-42) Inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. *Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987). In addition, inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. *Forbes v. Edgar,* 112 F.3d, 262, 267 (7th Cir. 1997).

The Plaintiff has not stated what serious medical condition he suffers from, nor has he alleged how the Defendant was deliberately indifferent to that condition.

2. ASSISTANT WARDEN MS. JONES

The Plaintiff says when he attempt to complain to the Assistant Warden about the problems with his medical care, she refuses to listen to him. Without more, the Plaintiff has failed to state a violation of his constitutional rights.

3. MEDICAL ADMINISTRATOR MRS. GREGORY.

The Plaintiff says he was seen by medical personnel outside of the correctional facility and they have informed him that his eye pressure is too high and he needs surgery. The Plaintiff says if he does not receive the surgery, he may lose one or both eyes. The Plaintiff further alleges that Defendant Gregory is aware of his medical condition and has not approved the surgery.

The Plaintiff has articulated a violation of his Eighth Amendment rights concerning the lack of care for his eyes. The court notes that the Plaintiff also says this defendant knows "about my lungs" and he makes a reference to a "seizure disorder." (Comp, p. 8). Nonetheless, the Plaintiff has failed to state a violation of his constitutional rights concerning these ailments. The Plaintiff does not clearly state what medical condition he is referring to or how the Defendant was deliberately indifferent to either condition.

4. DR. MOATS

The Plaintiff alleges that Dr. Moats allowed the "unconstitutional behavior of subordinates." (Comp, p. 8). The Plaintiff says he has several medical conditions including lung conditions, heart problems and a seizure disorder, but he is not receiving the proper care. Again, the Plaintiff has failed to properly articulate a violation of his constitutional rights.

The Plaintiff must provide at least a general time frame. The Plaintiff must clearly state what medical conditions he suffers from and exactly how Dr. Moats was deliberately indifferent to any of those conditions. In addition, the Plaintiff cannot name Dr. Moats as a defendant simply because he is a supervisor. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). A defendant cannot be held liable under 42 USC §1983 unless a Plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). For a supervisor to be held liable under 42 U.S.C. § 1983, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . . ." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

5. NURSE TIM LAST NAME UNKNOWN (LNA).

The Plaintiff says the medical services at FCI Pekin are not adequate. The Plaintiff says medical staff has refused to take any action after his sick call visits. He does not believe the staff accurately record his blood pressure and they refuse his requests to speak to a doctor concerning medications.

The Plaintiff has failed to state a time frame, failed to state any allegation involve Defendant Nurse Tim, failed to specific a serious medical condition and failed to state how anyone was deliberately indifferent to that condition. Therefore, the Plaintiff has not stated a violation of his constitutional rights.

6. & 7. COUNSELOR HAYMAN AND UNIT MANAGER MRS. JONES.

The Plaintiff says on May 28, 2010, the medical staff stated that he should not work with "Dust, Chemicals or Irritants." (Comp, Medical Duty Exhibit). Nonetheless, the Plaintiff says Defendants Hayman and Jones have violated this restriction by requiring him to work in an area that has paints and lawn mowers.

The Plaintiff has failed to state a violation of his constitutional rights. The Plaintiff does not provide a time frame for his allegations. It is not clear from the complaint how working in an area that stores paint and lawn mowers violates the medical restriction. In addition, the Plaintiff does not claim working in this area had any specific impact on his health.

The court also notes that it is doubtful the Plaintiff could demonstrate that he exhausted his administrative remedies for this claim as required. *See* 42 U.S.C. §1997e(a). The medical restriction was issued on May 28, 2010. The Plaintiff filed this complaint on June 9, 2010. The Plaintiff could not have completed the grievance procedure in this time period.

The Plaintiff makes no clear reference to Defendant "Unit Team Staff of Missouri II" in the body of his complaint. (Comp., p 1). The court will therefore dismiss this Defendant. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998)(listing an individual in the caption of a complaint is not sufficient to state a claim).

The Plaintiff has articulated one claim that Defendant Medical Administrator Gregory was deliberately indifferent to his serious medical condition when she failed to provide or approve the necessary medical care for his eyes. The Plaintiff must clarify when this violation occurred during the discovery process.

II. ADDITIONAL DOCUMENTS AND MOTIONS

The court notes that the Plaintiff has filed documents with this court that do not appear to be motions. The Plaintiff has filed an "Affidavit" in which he asks the court to notify the defendants of his claims. The clerk of the court will attempt to notify the surviving defendant of the plaintiff's claims after this merit review order is entered. The Plaintiff should not file affidavits with the court unless he is filing the document in support of a motion or in response to a motion or court order. If the Plaintiff is asking the court to take a certain action, he should clearly label his document a "motion" and state what relief he is requesting.

The Plaintiff has filed a "Motion for an Injunction" asking the court to issue an order that the staff at FCI Pekin stop smoking around inmates. [d/e 5] The Plaintiff is also asking to amend his complaint to add this claim. The motion is denied. [d/e 5]

The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Ass'n v. Harris,* 625 F.2d 1328, 1330 (7th Cir. 1980). In accessing whether a preliminary injunction is warranted, the court must consider whether the party seeking the injunction has demonstrated that: "1) it has a reasonable likelihood of success on the merits; 2) no adequate remedy at law exists; 3) it will suffer irreparable harm if it is denied; 4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary injunction is granted; and 5) the preliminary injunction will not harm the public interest." *Linnemeir v Board of Trustees of Purdue University,* 260 F.3d 757, 761 (7th Cir. 2001).

The issue of staff members smoking in front of inmates is not currently before the court, nor has the Plaintiff alleged that this claim is related to his allegation concerning medical care for his eyes. In addition, the court does not allow piecemeal amendments of complaints. If the Plaintiff wishes to amend his complaint, he must file a motion to amend with a proposed amended complaint attached to his motion. The amended complaint must not make reference to the original complaint and must include all claims and all defendants. This prevents confusion over intended claims and defendants. The court also notes that the Plaintiff may not add a claim to his complaint unless he has fully exhausted his administrative remedies for that claim as required. *See* 42 U.S.C. §1997e(a).

Finally, the Plaintiff is reminded that he cannot file unrelated claims against unrelated

defendants in the same lawsuit. *See George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. *Id.* The Seventh Circuit has instructed that such "buckshot" complaints should be "rejected." *Id.*

The Plaintiff has filed a letter with the court claiming that Nurse Dintelman gave him an injection of the wrong medication. [d/e 6] Nurse Dintelman is not a defendant in this case. The Plaintiff does not state how he knows he received the wrong injection, nor does he claim that the injection had an impact on his health. Finally, it is not entirely clear what action the Plaintiff is requesting from the court. The motion is denied. [d/e 6].

The Plaintiff has filed a document entitled "Jurisdiction Affidavit Seeking Injunction for a Medical Examination Transfer." [d/e 7] The Plaintiff says he needs a medical transfer and he will need an attorney who can investigate his claims. The Plaintiff has not presented any argument in favor of his request for a medical transfer and has not identified any medical conditions in his motion.

In considering the plaintiff's motion for appointment of counsel, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the Plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).

The Plaintiff makes no argument in favor of his motion for appointment of counsel and provides no evidence that he made any effort to obtain counsel on his own. The court also notes that the Plaintiff is an experienced litigator. *See Banks v Hodak*, Case No. 10-00015, U.S. District Court for District of Wyoming; *Banks v Hodak*, Case No. 10-00024 and *Banks v Hodak*, Case No. 10-0028 in the U.S. District Court of Colorado; *Banks v Jordan,* Case No. 05-00139, U.S. District Court for Eastern District of Missouri and *Banks v Cooler,* Case No. 97-00298, U.S. District Court for Southern District of Texas. The motion is denied.

The Plaintiff has filed a motion for an outside medical examination. [d/e 8]. The Plaintiff presents no argument in favor of his motion and identifies no specific medical need. The court also notes that the Plaintiff states he has been treated by outside medical providers in his complaint. The Plaintiff may renew his motion once the defendant has been served, but he must provide more information about his specific eye condition including any medical documentation supporting his claim that medical personnel has stated that he needs surgery.

**IT IS THEREFORE ORDERED:**

**1) The merit review hearing currently scheduled for December 16, 2010 at 11:45 is canceled and the writ is recalled. Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the Plaintiff states the following federal claim: Defendant Medical Administrator Ms. Gregory was deliberately indifferent to the Plaintiff's serious medical condition in violation of the Eighth Amendment when she failed to provide or approve the necessary medical care for his eyes.**

**2) All other claims based on federal law, other than those set forth in paragraph one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. Therefore, the clerk is directed to dismiss Defendants Rios, Ms. Jones, Moats, Tim, Unit Team Staff, Mrs. Jones and Hayman.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) The plaintiff's motion to proceed *in forma pauperis* is granted. [d/e 2] The agency having custody of the Plaintiff is directed to make monthly payments of 20 percent of the preceding month's income credited to Plaintiff's account to the Clerk of the Court. The agency having custody of the Plaintiff shall forward those payments each time Plaintiff's account exceeds $10, until the filing fee of $350 is paid in full. The Clerk is directed to mail a copy of this order to Plaintiff's place of confinement to the attention of the Trust Fund Office.**

**5) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date. A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this 1st Day of November, 2010.

**s/ Michael M. Mihm**
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE