UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GEORGE BANKS,
    Plaintiff,

vs.                                                                                               10-1178

RICARDO RIOS, et al.
    Defendants.

CASE MANAGEMENT ORDER

       This cause is before the court for case management and consideration of various motions filed by the Plaintiff requesting medical care. [d/e 19, 21, 23, 25].

       On November 1, 2010, the court conducted a merit review of the Plaintiff's complaint and found the Plaintiff had adequately alleged that Medical Administrator Ms. Gregory was deliberately indifferent to the Plaintiff's serious medical condition in violation of the Eighth Amendment. *See* November 1, 2010 Merit Review Order.  Specifically, the Plaintiff claimed that Defendant Gregory failed to provide or approve the necessary medical care for his eyes.   The Plaintiff says medical personnel at an outside medical facility told him his eye pressure is too high, and he needs surgery.  The Plaintiff claims if he does not receive that surgery, he may lose one or both of his eyes.

       Since the merit review, the Plaintiff has filed motions and affidavits with the court asking for a court order directing medical care for the Plaintiff. [d/e 19, 20, 21, 22, 23, 26, 28]  The Plaintiff says he is experiencing eye pain and needs medical care.  Since the Plaintiff's complaint stated that may lose one or both of his eyes without surgery, the court has interpreted the Plaintiff's motions as motions for a preliminary injunction.

       The granting of a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Roland Machinery Co. v. Dresser Industries,* 749 F.2d 380, 389 (7th Cir. 1984). To determine whether such a remedy is proper, the court must engage in a two phase analysis which includes a threshold phase and a balancing phase. *Girl Scouts of Manitou Council, Inc., v. Girl Scouts of American, Inc.,* 549 F.3d 1079, 1085-86 (7th Cir. 2008); *see also Farnam v. Walker,* 593 F.Supp.2d 1000 (C.D. Ill. 2009).

       To survive the threshold phased, a party seeking preliminary injunction must satisfy three elements.  First, that they will suffer irreparable harm without the injunction.  Second, that the traditional legal remedies are inadequate and third, that the party's claim has some likelihood of succeeding on the merits. *Girl Scouts of Manitou Council, Inc.,* 549 F.3d at 1086.  If the court finds that the moving party has passed this initial threshold, then it proceeds to the balancing phase of the analysis. *Id.*  In the second phase, the court must then balance the potential harms to the parties and, if appropriate, the public interest. *Id.*

The court ordered the Defendant to provide a response to the Plaintiff's motions. December 10, 2010 Text Order. Defense counsel has complied, but notes that while the Defendant has signed a waiver of service, she is still waiting for a response to her request for representation from the Department of Justice. (Def. Resp, p. 2) Therefore, counsel is unable to file any substantive pleadings until that time. Nonetheless, counsel has provided recent medical records which demonstrate that the Plaintiff is receiving medical attention for his eye condition:

* May 12, 2010: The Plaintiff was evaluated by an optometrist who prescribed eyeglasses, adjusted the Plaintiff's medications and recommended a follow-up in two months. (Def. Resp, p. 3, App. 3-5).
* June 2, 2010: An optometrist again evaluated the Plaintiff and noted that a glaucoma laser consult may be necessary if a consulting ophthalmologist concurred. The optometrist also noted that the Plaintiff admitted he was not properly following his prescription for eye medication. (Def. Resp, p. 3, App. 6-9)
* June 23, 2010: the Plaintiff was seen by an optometrist who concluded that the Plaintiff's glaucoma was uncontrolled and an ophthalmologist consultation should be scheduled. The request was approved that day. (Def. Resp., p. 3-4, App.1, 10-11)
* Medical Director Dr. Romeo Kabatay says the Plaintiff then received evaluations by an ophthalmologist on several occasions including an outside provider in July of 2010. He was given medications and referred to a surgeon specializing in glaucoma. (Def. Resp., p. 4, App. 12-15).
* On December 20, 2010, an ophthalmologist evaluated the Plaintiff and recommended cataract surgery with implantation of an intra-oclur lens and Baeveldt Valve for glaucoma. (Def. Resp, p. 4, App.16-27).
 (Def. Resp., p. 4, App. 16-27). The ophthalmologist referred the Plaintiff to Dr. Rhodes who specializes in glaucoma.

Dr. Kabatay says the surgery recommendation is currently awaiting review by the Utilization Review Committee and "if the surgery is not approved, then the Plaintiff will follow-up with Dr. Rhodes in two months." (Def. Resp, Dr. Kat. Aff, p. 2).

The Defendant argues and the court agrees that the Plaintiff has failed to show that he has been denied proper medical care which is causing irreparable harm. The Plaintiff has repeatedly received care from outside medical providers. There is nothing in the medical records to indicate that these medical providers consider the surgery to be an emergency, nor any other indication that the surgery must be done immediately. If his surgery is ultimately denied or the Plaintiff is not referred to the ophthalmologist within two months, he may chose to refile his motion. However, the Plaintiff must have some evidence that the delay could result in irreparable harm.

The court notes that within the Plaintiff's various motions and affidavits, he also complains of back pain and makes vague reference to other problems with his lungs, sinuses and hemorrhoids. In his original complaint, the Plaintiff also made reference to other potential medical conditions and defendants. However, the court found that the Plaintiff had failed to articulate any other violation of his constitutional rights since he had not specified any other specific medical condition, had not provided general time frames and had not stated how the other Defendants were deliberately indifferent to a serious medical condition. *See* November 1,

2010 Merit Review Order. The Plaintiff has also failed to specify in his various motions and affidavits how these other medical conditions are impacting him or preventing him from litigating his claims. The court further notes that in the Plaintiff's own documentation, it states that the medical records demonstrate that the Plaintiff "is being monitored on a regular basis in the chronic care clinic." (Plain. #22, p. 7).

Therefore, the Plaintiff's motions for a preliminary injunction are denied. The Plaintiff has not met any of the threshold requirements. He has not demonstrated that he faces irreparable harm without an injunction, and he has not demonstrated that traditional legal remedies are inadequate. In addition, the Plaintiff has not shown he has some likelihood of succeeding on the merits. Given the extensive medical examinations by outside medical providers, the Plaintiff may have a difficult time demonstrating that the Defendant has been deliberately indifferent to his condition.

The court has canceled the upcoming hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure to allow counsel additional time to clarify representation for the Defendant. The hearing will be rescheduled for March 23 at 11:30 a.m. by telephone conference call. The parties should be prepared to address whether surgery was approved for the Plaintiff, and if not, what medical treatment has been provided.

The court also notes that in one of the Plaintiff's motions, he mentions again that he would like counsel to represent him in this case. [d/e 19] In considering the plaintiff's motion for appointment of counsel, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the Plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).

The Plaintiff again provides no evidence that he made any effort to obtain counsel on his own. *See* November 1, 2010 Merit Review Order, p. 5.The court further notes that the Plaintiff is an experienced litigator. *See Banks v Hodak*, Case No. 10-00015, U.S. District Court for District of Wyoming; *Banks v Hodak*, Case No. 10-00024 and *Banks v Hodak*, Case No. 10-0028 in the U.S. District Court of Colorado; *Banks v Jordan,* Case No. 05-00139, U.S. District Court for Eastern District of Missouri and *Banks v Cooler,* Case No. 97-00298, U.S. District Court for Southern District of Texas. The motion is denied. [d/e 19]

Finally, the Plaintiff is admonished that he should not file random exhibits or "affidavits" with the court. [d/e 20, 22, 28] The court has previously admonished the Plaintiff that he may only file certain documents with the court including: 1) a motion specifically asking for a court action with any supporting documentation attached, or 2) a response to a court order or motion from the Defendant with any supporting documentation attached. *See* November 1, 2010 Merit Review Order, p. 4. Furthermore, the Plaintiff should not file repetitive motions with the court. The Plaintiff must follow the direction and orders of the court. *See Wilson v Bruce,* 2010 WL 4467866 (7th Cir. Nov. 9, 2010). If the Plaintiff continues to ignore the court's direction, he could face sanctions including payment of litigation costs.

**IT IS THEREFORE ORDERED that:**

**1) The Plaintiff's motions for preliminary injunction requesting additional medical care are denied. [d/e 19, 21, 23, 25]**.

**2) The Plaintiff's second motion for appointment of counsel is denied. [d/e 19]**

**3) This case is set for hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure on March 23 at 11:30 a.m. by telephone conference call. The clerk is to issue a writ for the Plaintiff's participation in the telephone call. The parties should be prepared to address whether surgery was approved for the Plaintiff, and if not, what medical treatment has been provided.**

Entered this 21st day of January, 2011.

s/Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE